**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| COLLIN TRELLY,<br><br>　　　　　　　　　　*Plaintiff,*<br><br>v.<br><br>COUNTY OF MONROE; the SHERIFF of the COUNTY OF MONROE; and MONROE COUNTY DEPUTY SHERIFF GEIGER,<br><br>　　　　　　　　　　*Defendants.* | **NOTICE OF REMOVAL**<br><br>Case No. _____ |

**PLEASE TAKE NOTICE** that defendants County of Monroe, the Sheriff of the County of Monroe and Monroe County Deputy Geiger hereby remove this civil action to the United States District Court for the Western District of New York pursuant to 28 U.S.C. §1441 and §1446.

### Grounds for Removal

1.　On December 19, 2012, this civil action was commenced against the defendants by filing the Summons and Complaint in the Supreme Court of the State of New York for the County of Monroe, Index No. 12-3760.

2.　On April 18, 2011 the Summons and Complaint in this civil action were served upon Defendants County of Monroe sheriff of the County of Monroe. Upon information and belief, Deputy Geiger has not been served.

3.　The defendants' time to respond to the plaintiff's Complaint has not yet expired.

4. The defendants' Answer has not been filed in New York State Supreme Court.

5. No further proceedings have occurred in this action.

6. The above-entitled action is one of which this Court has original jurisdiction, pursuant to 28 U.S.C. §1331, as the fifth cause of action [¶¶ 25-31] of the Complaint are predicated upon 42 U.S.C. §1983.

8. The above-entitled action is one that may be removed to this Court by the defendants pursuant to the provisions of 28 U.S.C. §1441.

**Filing and Service of the Notice of Removal**

9. The defendants are filing this Notice of Removal within 30 days after their receipt of the Summons and Complaint, as required by 28 U.S.C. §1446(b).

10. Notice of the filing of this Notice of Removal will be served upon the plaintiff as required by 28 U.S.C. §1446(d).

11. A true copy of this Notice of Removal will be filed with the Clerk of the Supreme of the State of New York for the County of Monroe as required by 28 U.S.C. §1446(d).

**Copies of All Process, Pleadings and Orders Served Upon the Defendants**

12. Copies of the Summons and Complaint, which are the only process, pleadings or orders served upon the defendants, are attached.

**MERIDETH H. SMITH, MONROE COUNTY ATTORNEY**
*Attorney for defendants County of Monroe; the Monroe County Sheriff and Deputy Geiger*

*[signature]*

Michele Romance Crain, Esq. of Counsel
Senior Deputy County Attorney
307 County Office Building
39 West Main Street, Rochester, New York 14614
Telephone: 585.753.1407
E-Mail: mcrain@monroecounty.gov

Dated: May 14, 2013

**To:**

**MONROE COUNTY CLERK**
*Clerk of the Supreme Court of the State of New York, Monroe County*
101 County Office Building
39 West Main Street
Rochester, New York 14614

**TED A. BARACO, ESQ.**
*Attorney for Plaintiff*
19 West Main Street, Suite 721
Rochester, New York 14614
Telephone: 585.546.5980

*Local Rule 81*

*Local Rules of Civil Procedure of the Western District of New York*

**Index of Documents Filed in the New York State Court Action**

| Tab | Document | Date Filed |
| --- | --- | --- |
| A | Summons | December 19, 2012 |
| B | Complaint | December 19, 2012 |
| C | Answer | May 8, 2013 |

# Exhibit A

**Exhibit A**          **Exhibit A**          **Exhibit A**

**STATE OF NEW YORK**
**SUPREME COURT     COUNTY OF MONROE**

COLLIN TRELLY,

                  Plaintiff,

-vs-

COUNTY OF MONROE,
THE SHERIFF of the COUNTY OF MONROE, and
MONROE COUNTY DEPUTY SHERIFF,
GEIGER

                  Defendants.

Index No. 12/15760

Plaintiff designates
Monroe County as the
The basis of venue is:
Defendant's Plaice of Business

**SUMMONS**

Plaintiff resides at
Macedon
Wayne County, NY

04-18-13P01:33 RCVD

To the above named Defendants:
    **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's attorney within 20 days after service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear, judgement may be taken against you by default for the relief demanded in the complaint.

Dated: December 19, 2012

                                      TED A. BARRACO, ESQ.
                                      Attorney for Plaintiff
                                      *Office and Post Office Address:*
                                      19 West Main Street, Suite 721
                                      Rochester, New York 14614
                                      Tel: (585) 546-5980

2012 DEC 19 PM 4:38
MONROE COUNTY CLERK
FILED

# Exhibit B

**Exhibit B**     **Exhibit B**     **Exhibit B**

STATE OF NEW YORK
SUPREME COURT     COUNTY OF MONROE

---

COLLIN TRELLY,

        Plaintiff,                                  *Index No.* 12/13760

-vs-                                               COMPLAINT

COUNTY OF MONROE, THE SHERIFF of the
COUNTY OF MONROE, and MONROE COUNTY
DEPUTY SHERIFF GEIGER,

        Defendants.

---

      Plaintiff, by Ted A. Barraco, Esq, his attorney, as and for his Complaint against the Defendants, states and alleges as follows:

      1. That at all times herein referred to, Plaintiff was a resident of the County of Wayne and State of New York.

      2. That at all times herein referred to, Defendant Monroe County is a duly formed and existing County of the State of New York.

      3. That the Defendant, The Sheriff of Monroe County, is an independent law enforcement office within the County of Monroe duly formed and existing under the laws of the State of New York.

      4. That, upon information and belief, the Defendant, Monroe County Deputy Sheriff, Geiger, is and was an employee of the Sheriff of Monroe County and/or the County of Monroe, and is a resident of Monroe County.

      5. That Plaintiff duly filed and served a Notice of Claim upon said Defendants on the 2nd day of December, 2011 as required by §50-e of the General Municipal Law.

## AS AND FOR A FIRST CAUSE OF ACTION

## PLAINTIFF ALLEGES AS FOLLOWS:

6. That Plaintiff restates and re-alleges all of the allegations contained in paragraphs numbered 1 through 5 above as though each were set forth herein at length.

7. That on or about the 20th day of September, 2011, in the County of Monroe, Defendant Deputy Gieger intentionally placed the Plaintiff in imminent fear of harmful and offensive contact.

8. That at said time and place, the Plaintiff was an inmate at the Monroe County Jail and Defendant, Deputy Geiger was employed as a guard at the Monroe County Jail.

9. That at said time and place, Defendant Geiger, through verbal threats and abuse and the physical action of approaching the Plaintiff, placed the Plaintiff in fear of imminent forceful, harmful contact without Plaintiff's consent.

10. That the said assault of the Plaintiff by Defendant Geiger caused Plaintiff fear, humiliation and extreme emotional distress.

## AS AND FOR A SECOND CAUSE OF ACTION

## THE PLAINTIFF ALLEGES AS FOLLOWS:

11. That the Plaintiff re-states and re-alleges all of the allegations contained in paragraphs 1 through 10 herein above as though each were set forth herein at length.

12. That on or about September 20, 2011 in the County of Monroe and State of new York the Defendant Geiger did intentionally and wrongfully make harmful and offensive contact with the Plaintiff without the Plaintiff's consent.

13. That on or about September 20, 2011, the Defendant Geiger intentionally and wrongfully held Claimant down on his bed; placed his hand around Plaintiff's neck choking the

Plaintiff and cutting off his air supply all without the Plaintiff's consent.

14. That Defendant thereby caused the Plaintiff pain, fear and emotional distress.

15. That said battery of the Plaintiff by Defendant Geiger resulted in harmful and offensive contact to the Plaintiff and caused the Plaintiff to suffer pain, fear and emotional distress.

## AS AND FOR A THIRD CAUSE OF ACTION
## THE PLAINTIFF ALLEGES AS FOLLOWS:

16. That the Plaintiff re-states and re-alleges all of the allegations contained in paragraphs 1 through 15 herein above as though each were set forth herein at length.

17 That on or about September 20, 2011, Defendant Geiger intentionally engaged in extreme and outrageous conduct with the intent to cause, or with disregard for a substantial probability of, extreme and severe emotional distress on the part of the Plaintiff.

18. That the extreme and outrageous conduct is as outlined herein above.

19. That said outrageous conduct toward the Plaintiff by Defendant Geiger caused the Plaintiff to suffer pain, fear, intimidation, humiliation and severe and extreme emotional distress.

## AS AND FOR A FOURTH CAUSE OF ACTION
## PLAINTIFF ALLEGES AS FOLLOWS:

20. That Plaintiff restates and re-alleges all of the allegations contained in paragraphs 1 through 19 above as though each were set forth herein at length.

21. That Defendants The County of Monroe and the Sheriff of the County of Monroe, jointly and severally, failed to exercise due care in the hiring, supervision and training of their respective personnel, including Deputy Sheriff Geiger.

22. That Defendants, The County of Monroe and the Sheriff of the County of Monroe

were negligent in failing to properly train and supervise Defendant, Deputy Sheriff Geiger in the performance of his duties with regard to standards and requirements for the treatment of inmates at the Monroe County Jail.

23. That Defendants, County of Monroe and the Sheriff of Monroe County, through its other agents, servants, employees and officers negligently permitted Defendant Geiger to use unlawful physical force and improper threats and verbal abuse against the Plaintiff as another Deputy merely stood by.

24. That solely as a result of the negligence of the Defendants as set forth herein the Plaintiff has been damaged as is more fully set forth above.

## AS AND FOR A FIFTH CAUSE OF ACTION
## PLAINTIFF ALLEGES AS FOLLOWS:

25. That Plaintiff restates and re-alleges all of the allegations contained in paragraphs 1 through 24 above as though each were set forth herein at length.

26. That at all times herein referred to Defendant, Deputy Sheriff Geiger was acting under the color of state law and in the course of his employment for Defendants County of Monroe and the Sheriff of the County of Monroe.

27. That Defendant Deputy Geiger while acting under the color of state law as is set forth above, deprived the Plaintiff of rights and privileges guaranteed to him under the constitution and laws of the United States of America, in that said Defendants deprived the Plaintiff of his right to be free from cruel and unusual punishment, all of which are guaranteed to him under the eighth and fourteenth amendments to the United States Constitution and Title 42 U.S. Code §§1983 *et. seq.*

28. That Defendants, County of Monroe and The Sheriff of the County of Monroe, through its agents, servants, employees and officers, as a matter of official policy through its

actions and inactions deliberately and/or recklessly authorized and permitted Defendant Deputy Sheriff Geiger, to disregard and violate the Plaintiff's said rights and privileges and further permitted him to do so out of personal animosity through malice against the Plaintiff all of which was under the color of state law and in violation of Plaintiff's rights, privileges and immunities secured to him by the eighth and fourteenth amendments to the United States Constitution,

29. That Defendants, County of Monroe and the Sheriff of the County of Monroe encouraged and/or approved of a policy of authorizing and permitting Deputy Sheriff Geiger, who was acting within the scope of his authority as a deputy sheriff to disregard and violate the Plaintiff's said rights and privileges and further permitting him to do so out of personal animosity with malice against the Plaintiff all of which was under the color of state law and in violation of Plaintiff's rights as set forth above.

30. That as a result of the Defendants' violation of Plaintiff's rights as set forth above, Plaintiff has been damaged in the manner more fully set forth herein above.

31. That Plaintiff is entitled to recover for the above damages pursuant to Title 42 U.S. Code §§1983 *et. seq.*

**WHEREFORE,** Plaintiff respectfully demands judgment against the Defendants and each of them in a suitable amount for Plaintiff's actual damages on each cause of action contained herein, together with an award for Plaintiff's reasonable attorney's fees pursuant to Title 42 U.S.Code §1988 on Plaintiff's fifth cause of action, said amounts sought exceed the jurisdiction of all lower courts;

Plaintiff also seeks an award of Punitive Damages against Defendant, Deputy Sheriff Geiger;

All together with the costs and disbursements of this action, plus such other and further

relief as to the Court may seem just and proper.


Dated: December 19, 2012

                                            Yours etc,

                                            _____
                                            TED A. BARRACO, ESQ.
                                            Attorney for Plaintiff
                                            *Office and Post Office Address:*
                                            19 West Main Street, Suite 721
                                            Rochester, New York 14614
                                            Tel.: (585) 546-5980

2012 DEC 19 PM 4:38  MONROE COUNTY CLERK  FILED

# Exhibit C

**Exhibit C**          **Exhibit C**          **Exhibit C**

**STATE OF NEW YORK**
**SUPREME COURT**     **COUNTY OF MONROE**

---

**COLLIN TRELLY,**

                             *Plaintiff,*

v.

**COUNTY OF MONROE; the SHERIFF of the**
**COUNTY OF MONROE; and MONROE COUNTY**      **ANSWER**
**DEPUTY SHERIFF GEIGER,**                    Index No. 12-13760

                             *Defendants.*

---

      Defendants County of Monroe, the Sheriff of the County of Monroe and Monroe County Deputy Sheriff Geiger by their attorney Merideth H. Smith, Monroe County Attorney, Michele Romance Crain, Esq. of counsel, hereby answer plaintiff's Complaint as follows:

    1.    Admit the allegations contained in paragraphs 2, 5 and 8.

    2.    Deny the allegations contained in paragraphs 3, 4, 7, 9, 10, 12, 13, 14, 15, 17, 18, 19, 21, 22, 23, 14, 27, 28, 29, 30 and 31.

    3.    Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1.

    4.    Paragraphs 6, 11, 16, 20 and 25 of the complaint contain no allegations to which a response is required since they incorporate by reference prior allegations. Defendants answer said paragraphs in the same manner and to the same effect that they answered the allegations to which said paragraphs refer.

    5.    Deny each and every allegation contained in the complaint not heretofore admitted, denied or otherwise controverted.

6. With respect to paragraph 26, deny the allegation that Deputy Geiger was in the course of his employment for the Defendant County of Monroe but admit the remaining allegations of said paragraph.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE, DEFENDANTS STATE:

7. That the Complaint fails to state a cause of action upon which relief may be granted against the defendants.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE, DEFENDANTS STATE:

8. That the Complaint represents an effort to state a cause of action cognizable under 42 U.S.C. §§1983 and 1985.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE, DEFENDANTS STATE:

9. That the cause of action alleged by plaintiff may not be maintained for the reason that plaintiff failed to properly commence the action within the appropriate statute of limitations period.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE, DEFENDANTS STATE:

10. The individual defendant, Deputy Geiger, is entitled to qualified immunity from suit because:

   A. No clearly established constitutional right was violated.

B. The defendant's actions were objectively reasonable under the circumstances.

## AS AND FOR A FIFTH AFFIRMATIVE
## DEFENSE, DEFENDANTS STATE:

11. The individual defendant, Deputy Geiger, is entitled to immunity from continuation of this action upon the grounds that he acted in the good faith belief that his actions constituted a reasonable exercise of his duties and did not breach or infringe upon the plaintiff's constitutional rights known by a reasonable person to exist at the time of the subject incident.

## AS AND FOR A SIXTH AFFIRMATIVE
## DEFENSE, DEFENDANTS STATE:

12. That the official actions of the County of Monroe and the Sheriff of the County of Monroe, their employees, agents or representatives, jointly and severally, constituted good faith exercise of discretion and judgment, for which the County of Monroe and the Sheriff of the County of Monroe and their employees, agents or representatives are immune from common-law liability.

## AS AND FOR A SEVENTH AFFIRMATIVE
## DEFENSE, DEFENDANTS STATE:

13. That the defendants did not act maliciously, wantonly or in a manner which manifested a gross deviation from the standard of conduct which a reasonable person would follow and, therefore, the Complaint has failed to allege facts upon which an award of punitive damages could be granted as a matter of law.

## AS AND FOR AN EIGHTH AFFIRMATIVE
## DEFENSE, DEFENDANTS STATE:

14. To the extent that Deputy Geiger is sued in his official capacity, plaintiff is not entitled to an award of punitive damages. Further, punitive damages cannot be awarded against the County.

## AS AND FOR A NINTH AFFIRMATIVE
## DEFENSE, DEFENDANTS STATE:

15. That in the event the Complaint is interpreted to state a cause of action based upon a theory of negligent hiring, education, training and/or supervision, the Complaint fails to allege sufficient facts to support such allegations and should be dismissed.

## AS AND FOR A TENTH AFFIRMATIVE
## DEFENSE, DEFENDANTS STATE:

16. That the County of Monroe and the Sheriff of the County of Monroe did not authorize, condone, permit or ratify any allegedly improper or malicious conduct on the part of any person or adopt any policy condoning such conduct.

## AS AND FOR AN ELEVENTH AFFIRMATIVE
## DEFENSE, DEFENDANTS STATE:

17. The force allegedly used did not rise to the level of a constitutional violation.

## AS AND FOR A TWELVETH AFFIRMATIVE
## DEFENSE, DEFENDANTS STATE:

18. That the force, if any, used on the plaintiff was reasonable and necessary under the circumstances, and any injury or damages allegedly suffered by plaintiff were due to an caused by reason of plaintiff's improper acts and conduct.

## AS AND FOR A THIRTEENTH AFFIRMATIVE
## DEFENSE, DEFENDANTS STATE:

19. The doctrine of respondeat superior is unavailable under New York State Law as a basis for imposing liability upon the County for the alleged tortious conduct of Deputy Geiger.

20. A county is not liable for the acts of the sheriff or his deputies unless it has assumed such liability by local law.

21. The County has not assumed responsibility for the acts of Monroe County Sheriff Patrick M. O'Flynn or his deputies, by local law. See, *Code of Monroe County New York*, Chapter 39.

## AS AND FOR A FOURTEENTH AFFIRMATIVE
## DEFENSE, DEFENDANTS STATE:

22. The doctrine of respondeat superior is unavailable under New York State Law as a basis for imposing liability on Sheriff O'Flynn for the alleged acts of Deputy Geiger who was engaged in a criminal justice function at the time of the incident alleged in Complaint.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE, DEFENDANTS STATE:

23.     This Court does not have jurisdiction over the person of Deputy Geiger.

**WHEREFORE**, defendants demand judgment:

A.     Dismissing plaintiff's complaint, together with the costs and disbursements of this action;

B.     Additionally and/or in the alternative, demand that any judgment recovered by the plaintiff be diminished in the proportion in which the culpable conduct of the plaintiff bears to the culpable conduct which caused the plaintiff's damages;

C.     For such other and further relief to which the Court may seem just and proper.

DATED: May 8, 2013

**MERIDETH H. SMITH, ESQ.**
**MONROE COUNTY ATTORNEY**
*Attorney for the County Defendants*

*Michele Romance Crain*
**Michele Romance Crain, Esq. of Counsel**
Senior Deputy County Attorney
307 County Office Building
39 West Main Street, Rochester, NY 14614
Telephone: 585.753.1407
E-Mail: mcrain@monroecounty.gov

TO:     **Ted A. Baraco, Esq.**
*Attorney for Plaintiff*
19 West Main Street, Suite 721
Rochester, New York 14614
Telephone: 585.546.5980