UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

COLLIN TRELLY,

                                        Plaintiff,

-vs-

COUNTY OF MONROE, THE SHERIFF OF THE
COUNTY OF MONROE, AND MONROE COUNTY
DEPUTY SHERIFF GEIGER,
                                        Defendants.

_____

DECISION AND ORDER

13-CV-6248  CJS

## INTRODUCTION

Plaintiff, who was formerly incarcerated in the Monroe County Jail, alleges that Defendants committed various intentional New York  state-law torts against him, and also violated his federal constitutional rights.   Now before the Court is Defendants' motion (Docket No. [#11]) for judgment on the pleadings.   The application is granted in part and denied in part.

## BACKGROUND

Defendant has moved for judgment on the pleadings pursuant to Fed.R.Civ. P. 12(c).   In deciding such a motion, the Court is limited as to what it can consider:

> In ruling on a 12(b)(6) motion, and thus on a 12(c) motion, a court may consider the complaint as well as "any written instrument attached to [the complaint] as an exhibit or any statements or documents incorporated in it by reference." *Yak v. Bank Brussels Lambert*, 252 F.3d 127, 130 (2d Cir.2001) (internal quotation marks omitted).   Moreover, "on a motion to dismiss, a court may consider ... matters of which judicial notice may be taken, [and] documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir.2002) (internal quotation marks omitted).

*Kalyanaram v. American Ass'n of University Professors at New York Institute of Technology, Inc.*, 742 F.3d 42, 44 (2d Cir. 2014).

In the instant case, the Court's review is limited to the Complaint[1] that Plaintiff filed in New York State Supreme Court, Monroe County, which was later removed to this Court. The Complaint purports to assert five separate causes of action, as follows: 1) a state-law tort claim for assault against Deputy Geiger; 2) a state-law tort claim for battery against Deputy Geiger; 3) a state-law tort claim for intentional infliction of emotional distress against Deputy Geiger; 4) a state-law negligence claim against Monroe County and the Monroe County Sheriff, based upon negligent hiring, supervision and training; and 5) a federal claim, pursuant to 42 U.S.C. § 1983, against Geiger, Monroe County, and the Monroe County Sheriff, for violation of Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment.

The only true factual assertions in the Complaint underlying these causes of action are the following statements:

> That on or about the 20th day of September, 2011, in the County of Monroe . . . Plaintiff was an inmate at the Monroe County Jail and Defendant, Deputy Geiger[,] was employed as a guard at the Monroe County Jail.
>
> ***
>
> That on or about September 20, 2011, the Defendant Geiger intentionally and wrongfully held Claimant down on his bed; placed his hand around Plaintiff's neck choking the Plaintiff and cutting off his air supply all without the Plaintiff's consent.

Complaint ¶ ¶ 7, 8, 13. Otherwise, the Complaint's allegations concerning the particular causes of action consist of conclusory statements that merely mirror the elements of the

---

[1]Docket No. [#1] at pp. 8-13.

various causes of action. *See, e.g.*, Complaint ¶ 7 ("That on or about the 20th day of September, 2011, in the County of Monroe, Defendant Deputy Geiger intentionally placed the Plaintiff in imminent fear of harmful and offensive contact.").

Additionally, the Complaint indicates that Plaintiff "duly filed and served a Notice of Claim upon [the] Defendants on the 2nd day of December, 2011 as required by § 50-e of the General Municipal Law." Complaint ¶ 5.

On or about May 8, 2013, Defendants filed an Answer to the Complaint.  On May 15, 2013, Defendants removed the action to this Court.  On November 26, 2013, the Honorable Jonathan W. Feldman, United States Magistrate Judge, issued a Scheduling Order [#8], directing, *inter alia*, that all motions to amend pleadings be filed and served by April 14, 2014.

On July 24, 2014, Defendants filed the subject motion for judgment on the pleadings, making the following arguments: 1) all state tort claims against Deputy Geiger and the Monroe County Sheriff are time-barred under New York's applicable one-year statute of limitations; 2) the Complaint fails to state any other claim against Monroe County or the Monroe County Sheriff; and 3) Deputy Geiger is entitled to qualified immunity.

DISCUSSION

 *Motion for Judgment on the Pleadings*

Defendants have moved for judgment on the pleadings, and "[t]he same standard applicable to Fed.R.Civ.P. 12(b)(6) motions to dismiss applies to Fed.R.Civ.P. 12(c) motions for judgment on the pleadings." *Bank of New York v. First Millennium, Inc.*, 607 F.3d 905, 922 (2d Cir.2010) (citation omitted).  Such standard is clear:

> Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964–65, 167 L.Ed.2d 929 (2007); *see also, ATSI Communications, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir.2007 ) ("To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.' ") (*quoting Bell Atl. Corp. v. Twombly* ) (footnote omitted).   When applying this standard, a district court must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party. *Burnette v. Carothers*, 192 F.3d 52, 56 (2d Cir.1999), *cert. denied*, 531 U.S. 1052, 121 S.Ct. 657 (2000).

<u>Statute of Limitations</u>

Defendants maintain that all of the state tort claims against Deputy Geiger and the Sheriff are time-barred, because they were filed beyond the one-year statute of limitations set forth in New York Civil Practice Law and Rules ("CPLR") § 215.   That section of law provides that "an action against a sheriff" "shall be commenced within one year," CPLR § 215(1), and also applies to deputy sheriffs. *See, Taylor v. Mayone*, 626 F.2d 247, 251, n. 5 (2d Cir. 1980) ("This provision applies to deputy sheriffs as well as sheriffs.").   CPLR §

215(1) does not apply to actions under 42 U.S.C. § 1983, however, and such actions are governed by a three-year statute of limitations. *Taylor v. Mayone*, 626 F.2d at 253 ("[T]he appropriate statute of limitations for s 1983 actions against sheriffs and their deputies is the three-year provision of CPLR s 214(2) rather than the one-year provision of s 215(1)."). Even assuming that the Deputy Geiger's allegedly-intentional tortious conduct towards Plaintiff was not covered by CPLR § 215(1), it would nevertheless be covered by the general statute of limitations for assault, battery and intentional infliction of emotional distress, which is also one year. *See*, CPLR § 215(3).

Defendants contend that the claims against the Sheriff and Deputy Geiger are untimely because the alleged assault by Geiger occurred on September 20, 2011, and Plaintiff did not commence this action until more than a year later, on December 19, 2012.

Plaintiff responds that the aforementioned claims are timely, because he filed a notice of claim pursuant to New York General Municipal Law § 50-e, which results in a limitations period of one year and ninety days. *See*, *Bisson v. Martin Luther King Jr. Health Clinic*, 399 Fed.Appx. 655, 657 (2d Cir. Nov. 3, 2010) ("New York law provides that in order to bring a tort suit against a county, a notice of claim must be filed "within ninety days after the claim arises," N.Y. Gen. Mun. L. § 50–e(1)(a), and the suit itself must be brought within one year and ninety days of the claim arising, *id*. § 50–i(1).").

However, under the facts as alleged by Plaintiff in the Complaint, which involve intentional tortious conduct by Geiger, it was not a condition precedent for him to file a notice of claim against Geiger, and consequently, his state-law claims against Geiger are subject to the usual one-year limitations period. *See, Rew v. County of Niagara*, 73 A.D.3d 1463, 1464, 901 N.Y.S.2d 442, 443 (4th Dept. 2010) (Holding that the filing of a notice of

claim against an individual is not a condition precedent to suit unless the county is required to indemnify such person, and that a county is not required to indemnify persons for intentional torts).  The state law claims against Geiger are therefore dismissed as untimely.

It is unclear whether the same analysis would apply to the Monroe County Sheriff, since the state law claim against him is based upon negligence, and the County of Monroe indemnifies the Sheriff. *See, Nowlin v. Lusk*, No. 11CV712S, 2014 WL 298155 at *7 (W.D.N.Y. Jan. 28, 2014) ("Under the current version of Monroe County Local Law, Monroe County, N.Y., Charter, Admin. Code § 39–4, the County indemnifies the Sheriff[.]"). However, the Court need not resolve that question since, as discussed further below, it is clear that the Complaint fails to plead any plausible claim against the Sheriff.

The Complaint Fails to Plead Any Plausible Claim Against Monroe County
or the Monroe County Sheriff

As discussed above, the only true factual allegations set forth in the Complaint are that Geiger attacked Plaintiff at the Monroe County Jail.  There are no factual allegations to plausibly suggest that Monroe County or the Sheriff were negligent in hiring or supervising Geiger, or that they had a policy or practice that led to Geiger attacking Plaintiff.  Instead, the allegations upon which Plaintiff relies to impose liability against the County and the Sheriff consist only of conclusory, formulaic recitations of the elements of causes of action, which  are insufficient to state a plausible claim. *See, e.g.*, Complaint ¶ 22 ("That Defendants, the County of Monroe and the Sheriff of the County of Monroe, were negligent in failing to properly train and supervise Defendant, Deputy Sheriff Geiger, in the performance of his duties with regard to standards and requirements for the treatment of inmates at the Monroe County Jail.").  Consequently, the claims against Monroe County

and the Monroe County Sheriff are dismissed.

Qualified Immunity

Deputy Geiger maintains that the claims against him should be denied based upon qualified immunity.  Geiger contends, for example, that the Complaint fails to plausibly allege that a reasonable corrections officer would have believed that his alleged conduct was unconstitutional.  However, qualified immunity is an affirmative defense which must be proven by the defendant.  Moreover, dismissal on the grounds of qualified immunity is rarely appropriate at the pleading stage, unless the facts supporting the defense appear on the face of the complaint, which is not the case here. *See, McKenna v. Wright*, 386 F.3d 432, 436 (2d Cir. 2004) ("[W]e see no reason why even a traditional qualified immunity defense may not be asserted on a Rule 12(b)(6) motion as long as the defense is based on facts appearing on the face of the complaint.").  Accordingly, Geiger's motion is denied insofar as it is based on qualified immunity.

Plaintiff's Motion for Leave to Amend is Denied

Plaintiff's response to Defendants' motion includes a one-sentence request for leave to file an amended complaint. *See*, Docket No. [#16] at ¶ 8.  However, Plaintiff has not submitted a proposed amended pleading, as required by Local Rule of Civil Procedure 15(a) & (b).  Nor, in light of Judge Feldman's Scheduling Order [#8], has Plaintiff attempted to show "good cause" for the late application to amend. *See, e.g., Chart v. Town of Parma*, No. 10-CV-6179P, 2012 WL 3839241 at *2-3 (W.D.N.Y. Aug. 28, 2012) (denying a cross-motion to amend, made in response to a motion to dismiss, and made after the court-ordered deadline for amending pleadings,  where the movant-plaintiff failed to show good cause as required under Rule 16).  Accordingly, Plaintiff's request to amend is denied.

Even assuming that the motion had been properly supported, it would likely have been denied on the merits as futile, in any event, since the dismissed state tort claims against Geiger are time-barred, and since the record gives no indication that Plaintiff has any real factual basis to assert negligence or *Monell* claims against the County or the Sheriff, even after having had eight months in which to conduct discovery before the motion to dismiss was filed.[2]

CONCLUSION

Defendant's motion for judgment on the pleadings [#11] is denied as to the § 1983 claim against Deputy Geiger, but is otherwise granted.  The § 1983 claim against Deputy Geiger is now the sole remaining claim in this action.  The Clerk of the Court is directed to terminate Monroe County and the Monroe County Sheriff as parties to this action.

SO ORDERED.

Dated: Rochester, New York
        February 4, 2015

ENTER:


 /s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge

---

[2]The Court later stayed discovery pending the resolution of the subject motion for judgment on the pleadings.

8